UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

             v.

ANTONIO HERNANDEZ-PEREZ,

             Defendant.
------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
23-CR-00081 (GRB)

**GARY R. BROWN, United States District Judge:**

In this prosecution charging Antonio Hernandez-Perez ("defendant") with illegal reentry under 8 U.S.C. §§ 1326(a) and (b)(1), defendant, who was previously removed from the United States twice after facing serious criminal charges, now moves to dismiss the information, claiming that the statute under which he is charged violates the equal protection guarantee of the Fifth Amendment of the U.S. Constitution. For the following reasons, that motion is DENIED.

*Background*

Defendant, a Mexican citizen, moved to the United States without appropriate authorization when he was approximately 23 or 24 years old. *See* Docket Entry ("DE") 34-3 (hereinafter "Def. Decl.") ¶¶ 1-2, 8. In 2009, defendant was arrested (along with his brother, who also came to the United States from Mexico) by the Nassau County Police Department and charged with several felonies, including an attempted hate crime, robbery in the first degree, and criminal possession of a weapon in the third degree. He later pleaded guilty to menacing, a misdemeanor, in satisfaction of those charges. *See id.* ¶ 12. Upon his release from Nassau County jail, defendant was taken into custody by ICE and removed on December 15, 2009. *Id.*; DE 34-3 at 25-26 (Warrant of Removal/Deportation). However, defendant evidently again returned illegally to the United States (on an unknown date) and was arrested by the East Fishkill Town Police Department

in September 2012 and charged with burglary in the third degree, a felony, to which he pleaded guilty. *See* DE 38 at 1. As a result, defendant was removed for the second time in April 2013. *Id.*

At some point thereafter, defendant yet again returned to the United States, and on April 11, 2022, was arrested by ICE deportation officers on suspicion of illegally reentering the United States. DE 1 at 3-4. On March 6, 2023, defendant waived his right to be indicted by a grand jury and consented to prosecution by information, which charged him with one count of illegal reentry under 8 U.S.C. §§ 1326(a) and (b)(1). DE 25; DE 26. Defendant pleaded not guilty and was released on bond. DE 27. Now defendant moves to dismiss the information on the basis that the statute under which he is charged violates the U.S. Constitution. DE 34.

This opinion follows.

*Discussion*

Defendant moves this Court to hold that the provisions of 8 U.S.C. §§ 1326(a) and (b)(1) violate the equal protection guarantee of the Fifth Amendment because the statute was enacted with a discriminatory purpose and has a disparate impact on Latinos. This is not the first time a defendant has brought such a challenge in this Circuit as other criminal defendants have sought identical relief in courts across the nation. The arguments made have been almost universally rejected. For example, in a well-reasoned and thorough decision, Judge Gardephe addressed largely the same arguments defendant raises here, and ultimately rejected those claims. *United States v. Contreras*, No. 22-CR-129 (PGG), 2023 WL 3569274 (S.D.N.Y. May 17, 2023) (collecting cases). In another instance, while a district court in Nevada initially struck down § 1326 as unconstitutional, the Ninth Circuit unanimously reversed, which the Supreme Court declined to review. *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1137 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 703 (2024) ("In reaching this conclusion, we join the Fifth Circuit, which in a

case raising substantially identical arguments and relying on the same evidence, held that the evidence was "insufficient to establish that Congress enacted § 1326 with racial animus.") (citing *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 866–67 (5th Cir. 2022)). To be sure, defendant concedes that there is no authority in this Circuit—or any other circuit for that matter—buttressing his argument. *See* DE 41 at 3.

Therefore, while the Court acknowledges the troubling history of the legislation, there is simply no authority supporting the notion that 8 U.S.C. §§ 1326(a) and (b)(1) run afoul of constitutional safeguards. After consideration of the arguments, this Court must join the "dozens of other courts across the country [that] have considered *Arlington Heights* challenges to § 1326, [ ] each one [of which has] upheld the provision." *Contreras*, 2023 WL 3569274, at *19 (quoting *United States v. Patterson*, 2023 WL 348970, at *4 (D. Conn. Jan. 20, 2023)) (collecting cases). As Judge Gardaphe correctly observed "[t]hese courts found that – while there is substantial evidence that (1) nativism and racism animated many of the legislators who enacted the Undesirable Aliens Act of 1929, and (2) certain legislators made racist statements when the INA was enacted in 1952 – there is little to no evidence that Section 1326 itself – which was enacted in 1952 and subsequently reenacted numerous times – was motivated by racism." *Id.*

### Conclusion

For the foregoing reasons, defendant's motion to dismiss the information is DENIED. The matter shall proceed to trial as presently scheduled on July 8, 2024.

**SO ORDERED.**

Dated: April 10, 2024
      Central Islip, New York

                              /s/ Gary R. Brown
                              GARY R. BROWN
                              United States District Judge